UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

DANIEL PAULA,

        *Petitioner,*

   -against-                                         14-CV-2344 (PAC)

UNITED STATES OF AMERICA,

        *Respondent.*

------------------------------------------------------------X     A/K/A

UNITED STATES OF AMERICA,

   -against-                                         12-CR-00526 (PAC)

DANIEL PAULA, a/k/a Quinton Garcia

        *Defendant.*                                **OPINION & ORDER**

------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Petitioner Daniel Paula moves to vacate his conviction pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel because certain arguments were not raised at his sentencing hearing and because the sentence was not appealed. Petitioner seeks discovery of all evidence relating to his assertions and an evidentiary hearing.

## BACKGROUND

On February 14, 2013, Petitioner entered a plea of guilty to all four counts of a superseding information: (i) making a false statement in a passport application, in violation of 18 U.S.C. § 1542; (ii) conspiring to distribute identification documents, in violation of 18 U.S.C. § 1028(f); (iii) aggravated theft in connection with the document distribution conspiracy, in

1

violation of 18 U.S.C. § 1028A; and (iv) conspiring to launder money, in violation of 18 U.S.C. § 1956(h).

The plea agreement, dated October 2, 2012, calculated a Guidelines sentence of 57–65 months' imprisonment, with a mandatory minimum of 24 months. (Plea Agreement 5). The plea agreement also provided:

> (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255[,] . . . of any sentence within or below the Stipulated Guidelines Range of 57-65 months' imprisonment, and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range.

(*Id.* at 7).

During the plea proceeding,[1] Petitioner was sworn and testified that he understood he was giving up his right to appeal or to collaterally attack a sentence within the Guidelines range:

> THE COURT: Do you also understand that under the terms of this plea agreement, if Judge Crotty sentences you to a prison term that is 65 months or less, you will be giving up your right to appeal that sentence or to challenge it in any other way, such as through a writ of habeas corpus?
>
> THE DEFENDANT: Yes, sir.

(Plea Tr. 17:20-25).

Petitioner also testified with respect to the advice and assistance of counsel:

> THE COURT: Have you had a chance to discuss the charges and how you wish to plead with [Defendant's attorney]?
>
> THE DEFENDANT: Yes, sir.

---

[1] Petitioner's plea was taken by Magistrate Judge Cott on February 14, 2013, and was accepted by this Court on March 27, 2013.

| | |
|---|---|
| THE COURT: | Are you satisfied with his representation of you? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Have you had a full opportunity to discuss the case with him? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Has he told you the consequences of pleading guilty? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Are you ready to enter a plea? |
| THE DEFENDANT: | Yes, sir. |

(Plea Tr. 7:25-8:13).

At sentencing on July 24, 2013, defense counsel submitted a pre-sentencing memorandum and argued for leniency. Counsel effectively pointed out that the defendant had gained very little from his crime, and that should be considered as well. Mr. Paula allocated as follows:

> I would like to apologize to the United States government for having broken their laws. It's a country that I truly love, because my children are here. I'd like to ask God for forgiveness, for having committed the crime. And I also want to apologize to my family, especially to my wife, and my children, for all of the suffering that I caused them. For not being at their side at the times when they've needed me because I was in prison. I thank you for listening to me, and any leniency that you may give me. Thank you very much.

(Sentencing Tr. 9:17-10:1).

The Court then sentenced Petitioner to 38 months' imprisonment: 14 months on counts 1, 2, and 4, to be followed by the mandatory 24 months on count 3. The sentence was well below the calculated Guidelines range of 57 to 65 months. The Court advised Petitioner of his right to

appeal the sentence under Fed. R. Crim. P 32. At no time did Petitioner indicate that he wanted to file an appeal (Donaldson Decl. ¶ 11); and no appeal was taken.

## DECISION

### I. Petitioner's waiver was valid

The validity of waivers of appeal and collateral attacks has repeatedly been upheld by the Second Circuit. *See U.S. v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) ("We have 'repeatedly upheld the validity of [appeal] waivers' if they are 'knowingly, voluntarily, and competently provided by the defendant.'" (quoting *US v. Gomez–Perez*, 215 F.3d 315, 318 (2d Cir. 2000))). Here, Petitioner acknowledged that he entered the plea agreement knowingly and voluntarily. (Plea Tr. 17:20-25). Moreover, Petitioner does not argue that he failed to understand the waiver contained in his plea agreement. *See Garcia-Santos v. U.S.*, 273 F.3d 506, 508 (2d Cir. 2001) (determining that the defendant's plea agreement and waiver of appeal was made knowingly and voluntarily because (1) the defendant signed the plea agreement; (2) the defendant stated to the magistrate judge that he had read and understood the plea agreement; (3) the defendant did not attempt to appeal his sentence, even though he had been told by the sentencing judge that he had the right to appeal; and (4) the defendant did not claim, in his § 2255 motion, that he had not understood the waiver contained in his plea agreement).

### II. Petitioner's motion is barred by the waiver

While a defendant may pursue an ineffective assistance of counsel claim, notwithstanding the existence of a waiver, a defendant must demonstrate that due to deficient advice from counsel, the plea agreement was not knowingly and voluntarily entered into. *See Parisi v. U.S.*, 529 F.3d 134, 138 (2d Cir. 2008) ("In challenging the ineffectiveness of counsel in connection with a plea agreement, a defendant is challenging 'the constitutionality of the *process* by which

4

he waived [his right to appeal].") (citation omitted).

Here, Petitioner's claim of ineffective assistance of counsel does not pertain to the process by which he entered the plea agreement—instead, it pertains to his counsel's purported failure to take certain actions after Petitioner had signed the waiver, in which he waived both the right to appeal and to collaterally attack his sentence. Since he waived the right to appeal, there is no basis for the claim that counsel was ineffective for failing to take an appeal. Petitioner is in clear breach of his promise not to collaterally attack his sentence, and, in any event, the attack is without basis in fact or law.

## CONCLUSION

For the foregoing reasons, application to vacate his conviction is DENIED in its entirety. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York
        October 22, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:

Daniel Paula
17862-054
MVCC
555 Geo Drive
Philipsburg, PA